**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA** | |
| **v.** | **Cr. No. H-20-524** |
| **EDDIE ALLEN BAUGH** | |

**DEFENDANT'S MOTION TO DISMISS FOR A SPEEDY TRIAL VIOLATION**

The Constitution and Congress both guarantee criminal defendants the right to a speedy trial. One of the guarantees comes from a statutory requirement that the United States file any information or indictment within 30 days from when it arrests someone. 18 U.S.C. § 3161(b). In this case, the United States failed to comply with that requirement, so dismissal is mandatory. 18 U.S.C. § 3162(a)(1) (if no indictment is filed timely, "such charge against that individual contained in such complaint **shall** be dismissed or otherwise dropped.") (emphasis added).

The burden is on the prosecution to explain why it violated that Speedy Trial Act. *United States v. Mancia-Perez*, 331 F.3d 464, 469 (5th Cir. 2003) (citing *United States v. Martinez-Espinoza*, 299 F.3d 414, 418 (5th Cir. 2002)). And if the government does not explain its delay, the Fifth Circuit will assume the delay is unjustified and that will be "weighed in favor of dismissal with prejudice." *United States v. Mancia-Perez*, 331 F.3d 464, 469 (5th Cir. 2003).

**I.   The government took more than three times the lawful time to indict Mr. Baugh.**

In this case, federal agents arrested Mr. Baugh and brought him before a United States Magistrate Judge on July 17, 2020. *See* Initial Appearance Minute Entry (July 17,

2020); *cf.* Order Appointing Federal Public Defender (July 17, 2020), ECF No. 7. So by law, the United States had 30 days—until August 16—to indict him. 18 U.S.C. § 3161(b).

August 16 passed with no indictment. So did September 16. And October 16. Yet the government still did not indict Mr. Baugh.

On October 19, 2020, defense counsel emailed the prosecuting attorney to highlight this violation of the Speedy Trial Act. *See* Exhibit 1, attached. Through counsel, Mr. Baugh asked the prosecutor to dismiss this case, writing that otherwise he would file a motion to dismiss. *Id.*; *see also* 18 U.S.C. § 3162(a)(1) (making dismissal mandatory in these circumstances). The prosecutor has never replied to that email. Instead, two days later, she presented the case to a grand jury, who indicted Mr. Baugh.[1] *See* Indictment (Oct. 21, 2020), ECF No. 11.

## II. The law requires dismissal, and this Court should exercise its discretion to dismiss the case with prejudice, as permitted by the Speedy Trial Act.

The law requires dismissal. 18 U.S.C. § 3162(a)(1). But the Court must also consider whether to dismiss with prejudice. *Id.* Although the law gives no preference to either kind of dismissal, *United States v. Melguizo*, 824 F.2d 370, 371 (5th Cir. 1987), three factors guide that decision:

---

[1] Likely in its rush to indict, the government failed to present this case to a Galveston grand jury, as required by the local rules, instead presenting it to a Houston grand jury. *See* CrLR 18(A)(1) (prosecution may be brought in any Division in which the offense was committed); *see also* Criminal Complaint at 1, ECF No. 1 (alleging a crime committed "in the county of Galveston,"); *id.* at 3–4, ¶¶ 5–7 (alleging acts in La Marque, Texas, which is in Galveston County).

- Seriousness of the offense;
- Facts and circumstances leading to the dismissal;
- Impact of a reprosecution on the administrations of law and justice.

*Id.* Here, those factors, especially the second, weigh in favor of a dismissal with prejudice.

### A. *Seriousness: This is not among the most serious federal offenses.*

This crime, possessing a gun after a felony conviction, is less serious than many federal crimes, and its statutory maximum is only 10 years. 18 U.S.C. § 924(a)(2). This is a crime for which Congress requires courts to presume that defendants can safely be released into the community. *See* 18 U.S.C. § 3142(b), (e)(3) (establishing a presumption of release for all except a few federal crimes, and this crime is not on the enumerated list). But the Fifth Circuit permitted one court to call a 10-year maximum an indication of a serious offense. *United States v. Melguizo*, 824 F.2d 370, 371 (5th Cir. 1987).

### B. *Circumstances: No excuse justifies the lengthy delay that led to dismissal.*

The burden is on the prosecution to explain why it violated the Speedy Trial Act. *United States v. Mancia-Perez*, 331 F.3d 464, 469 (5th Cir. 2003) (citing *United States v. Martinez-Espinoza*, 299 F.3d 414, 418 (5th Cir. 2002)). And if the government does not explain its delay, the Fifth Circuit will assume the delay is unjustified and that will be "weighed in favor of dismissal with prejudice." *United States v. Mancia-Perez*, 331 F.3d 464, 469 (5th Cir. 2003).

"[A] truly neglectful attitude on the part of the Government reasonably could be factored against it in a court's consideration" of a Speedy Trial Act dismissal. *United States v. Taylor*, 487 U.S. 326, 338 (1988). Here, the United States appears to have

3

completely forgotten this case. The prosecution waited more than three times the legal period for indicting and only indicted Mr. Baugh after he brought their violation to light. It appears likely that the government would never have indicted him had he remained silent. That "truly neglectful attitude" weighs in favor of dismissal with prejudice. *Id.*

The facts and circumstances leading to dismissal of Mr. Baugh's case strongly counsel dismissal with prejudice. The government completely ignored his case and would not have indicted him had he not contacted the prosecutor about the issue. A dismissal without prejudice would not be a sanction at all. *United States v. Taylor*, 487 U.S. 326, 350 (1988) (Stevens, J., dissenting) ("As a district judge, I would know that a dismissal without prejudice would be a rather meaningless sanction unless, of course, the statutes of limitations had run"). A dismissal with prejudice will appropriately sanction government negligence. After that, Mr. Baugh will still face prosecution in a state court for the same conduct alleged in this case.

When negligence caused the government's failure to comply with the Speedy Trial Act, frequent violations of the Speedy Trial Act are relevant to deciding whether to dismiss with prejudice. *United States v. Salgado-Hernandez*, 790 F.2d 1265, 1268 (5th Cir. 1986). Counsel has no way to find every time the government has violated the Speedy Trial Act in this district, but here are a few examples from the last year when the government has moved to dismiss cases after it missed indictment deadlines:

- *United States v. Echeverria-Morales*, H-19-2130-mj (arrest on Nov. 18; never indicted; government motion to dismiss filed on Dec. 18);
- *United Sates v. Castaneda-Rios*, H-19-2148-mj (arrest on Nov. 18; never indicted; government motion to dismiss filed on Dec. 18);

4

- *United States v. Pineda-Ortuno*; H-20-93 (arrest on Jan. 17; indicted on Feb. 19; government motion to dismiss filed on Feb. 25);

- *United States v. Perez Sanchez*, H-20-985-mj (arrest on July 22; never indicted; government motion to dismiss filed on Sept. 24); and

- *United States v. Villegas-Lopez*, H-20-413 (arrest on Aug. 7; indicted on Sept. 9; government motion to dismiss filed on Sept. 10).

### C. Impact: Mr. Baugh will be prosecuted even after a dismissal with prejudice.

Once this case is dismissed with prejudice, Mr. Baugh will return to face a criminal charge in Galveston County based on this same conduct. *See* Exhibit 2 at 1 (listing the unlawful possession of a firearm by a felon offense date as 06/02/2020, the same charge and offense date as in this federal indictment, listing a next court date of Dec. 16, 2020).

In conclusion, dismissal is mandatory, and Mr. Baugh asks this Court to exercise its discretion to enter that dismissal with prejudice. Even after a dismissal with prejudice, Mr. Baugh will face prosecution in the state courts for this exact conduct, so that resolution appropriately balances the relevant factors.

Respectfully submitted,

MARJORIE A. MEYERS
Federal Public Defender
Southern District of Texas No. 3233
Texas State Bar No. 14003750

By _____
JOSHUA B. LAKE
Assistant Federal Public Defender
S.D. Tex. No. 2695263
Colorado State Bar No. 45285
440 Louisiana Street, Suite 1350
Houston, TX 77002-1056
    Telephone:    713.718.4600
    Fax:    713.718.4610

**CERTIFICATE OF CONFERENCE**

I certify that I emailed Assistant United States Attorney Carrie Wirsing today, November 12, 2020, but I have not heard back yet. I assume, given the facts outlined in this motion, that the United States opposes dismissal of this case.

/s/ Joshua B. Lake
JOSHUA B. LAKE

**CERTIFICATE OF SERVICE**

I certify that on November 12, 2020, a copy of the foregoing was served by Notification of Electronic Filing, and my office will email a copy to Assistant United States Attorney Carrie Wirsing.

/s/ Joshua B. Lake
JOSHUA B. LAKE