United States District Court
Southern District of Texas
**ENTERED**
November 25, 2020
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | CRIMINAL ACTION NO. 4:20-CR-524 |
| | § | |
| EDDIE ALLEN BAUGH | § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendant Eddie Allen Baugh's ("Baugh") Motion to Dismiss for Speedy Trial Violation. (Dkt. 19) On November 20, 2020 the Court held a hearing on the motion. After carefully reviewing the record, the filings and the case law, for the reasons set forth below, the motion is **GRANTED in part and DENIED in part.**

### I. FACTUAL AND PROCEDURAL BACKGROUND

On May 22, 2020. Baugh was arrested for Unlawful Possession of a Firearm by a Felon during a traffic stop in Texas City. It is alleged that during the stop officers found a 9mm pistol and 1.58 ounces of green leafy substance inside the vehicle. Baugh, the driver of the vehicle, received bond and was subsequently released from Galveston County Jail. (Dkt. 1 at para. 5)

Less than two weeks later, on June 2, 2020, a La Marque police officer arrested Baugh during another traffic stop after the officer noticed that vehicle's temporary license plate number was obscured from view. Again, Baugh was the driver of the vehicle. It is alleged that as soon as the vehicle stopped, both Baugh and the passenger opened their doors to exit the vehicle and Baugh had a revolver in his waistline. In the vehicle, the

officer alleges that he found two baggies of a green leafy substance, an AK47-style rifle and $2,457 in cash, subdivided with rubber bands. While reviewing Baugh's criminal history, the officer found a 2019 conviction for Engaging in Organized Criminal Activity. (Dkt. 1 at para. 6)

On July 17, 2020 Baugh was brought before a magistrate judge on a writ of habeas corpus ad prosequendum for his initial appearance on federal charges arising from his state court arrests. (Dkt. 4) Three months passed without Baugh being indicted. On October 19, 2020, Baugh's counsel emailed the Government, notifying the prosecuting attorney of an apparent violation of the Speedy Trial Act, 18 U.S.C. §§ 3161–3174 ("Act") with respect to Baugh's prosecution. (Dkt. 19 at Ex. 1) On October 21, 2020, two days later, the Government presented the case to a grand jury, which proceeded to indict Baugh. (Dkt. 11) Baugh filed the pending motion to dismiss the charges against him on the grounds that the Government failed to timely prosecute him in accordance with the Act. The Court will now consider this motion.

## II.   APPLICABLE LAW

The Act is designed to ensure a federal defendant's Sixth Amendment right to a speedy trial and to reduce the risk to the public from prolonged periods of the defendant's release on bail. *United States v. Johnson*, 29 F.3d 940, 942 (5th Cir. 1994) (citing *United States v. Gonzales*, 897 F.2d 1312, 1315 (5th Cir. 1990)). The Act requires that an information or indictment be filed within thirty days of an individual's arrest. 18 U.S.C. 3161(b). If an individual has been charged with a felony in a district in which no grand jury has been in session during the such thirty-day period, the time period for filing the

indictment shall be extended an additional thirty days." *Id*. If the United States fails to comply with the time limits set forth in the Act, the charge against the individual must be dismissed or otherwise dropped. 18 U.S.C. 3162(a)(1).

In this case the Government concedes that the federal charges against Baugh should be dismissed for violation of the Act. The only issue in contention between the parties is whether the dismissal should be with or without prejudice. "A district court is not required to dismiss an indictment with prejudice for every violation of the Speedy Trial Act." *United States v. Blevins*, 142 F.3d 223, 225 (5th Cir. 1998) (citing *United States v. Taylor*, 487 U.S. 326, 342 (1988)). In considering whether dismissal of an indictment for noncompliance with the Act should be with or without prejudice, the district court should "consider (1) the seriousness of the offense, (2) the circumstances of the case which led to the dismissal, and (3) the impact of a reprosecution on the administration of the Act and on the administration of justice." *Id*. (citing 18 U.S.C. § 3162(a)(2)). "The defendant has the burden of proving that dismissal of his case pursuant to these factors is appropriate." *Id*. The decision whether to dismiss criminal charges with or without prejudice is within the district judge's discretion and no preference is accorded to either kind of dismissal. *United States v. Melguizo*, 824 F.2d 370, 371 (5th Cir. 1987). The Court examines the requisite factors below to determine whether a dismissal with or without prejudice is warranted in this case.

## III. ANALYSIS

### A. The Seriousness of the Offense

In determining whether a charged crime is serious, the Fifth Circuit has held that "[u]sing the punishment prescribed by the statute as a measure of the severity of the crime is a proper method of analysis under the [Speedy Trial] Act." *Melguizo*, 824 F.2d at 371. In *Melguizo*, the Fifth Circuit found that a possible sentence of ten years is a sufficient indication that the offense is serious. *Id*. Here, Baugh is facing a statutory maximum of ten years in custody for the federal offense of Unlawful Possession of a Firearm by a Felon. 18 U.S.C. 924(a)(2). Accordingly, the Court finds that the offense for which Baugh is indicted is a serious offense under the Act and this factor weighs in favor of the dismissal of this case against Baugh without prejudice. *Id.*

### B. Facts and Circumstances that Led to the Dismissal

Generally, the burden is on the Government to explain their reason for violating the Act. *United States v. Mancia-Perez*, 331 F.3d 464, 468 (5th Cir. 2003). "Once the Government meets this initial burden, the defendant may show that the reason offered by the Government is pretextual." *United States v. May*, 819 F.2d 531, 533 (5th Cir. 1987). When the Government's stated reason for delay is negligence, the Fifth Circuit considers whether the Government sought the delay for ulterior purposes, whether the Government regularly or frequently failed to meet its deadlines, and whether the Government failed to meet its deadlines more than once with the same defendant. *Mancia-Perez*, 331 F.3d at 469. When the Government has "offered no explanation whatsoever" for its delay, the Fifth Circuit has assumed that the delay was unjustified and that the second factor weighed in favor of dismissal with prejudice. *Id*. (citing *May*, 819 F.2d at 533).

Here the Government has presented a reasonable explanation for its failure to timely indict the defendant in this case: the unprecedented Covid-19 pandemic which significantly disrupted court proceedings, causing the grand jury to meet only sporadically and requiring a series of quarantine periods for Government attorneys and court staff. (Dkt. 21 at p. 4) Specifically, the Government asserts that the prosecuting attorney in this case was quarantined for two weeks during the pandemic. Furthermore, the Government did not display "a neglectful attitude" toward the Baugh's right to a speedy trial. (Dkt. 19 at p. 3) Despite the pandemic conditions, just two days after she was alerted to the Act violation the prosecuting attorney presented the case to the grand jury for indictment. (Dkt. 11; Dkt. 19 at Ex. 1)

There is no evidence that the Government intentionally sought the delay in Baugh's indictment for ulterior motives. Likewise, the record does not support a finding that the Government has regularly, repeatedly, or frequently failed to meet its deadlines or failed to meet them more than once with this defendant. *See, Blevins,* 142 F.3d at 226. In support of his arguments regarding this factor, Baugh lists five examples of the Government's Act violations during the past 12 months. (Dkt. 19 at pp. 4–5) The Court does not condone any violation of the Act regardless of the severity of the alleged crimes.[1] However, considering the ongoing effects of the pandemic and the size of the criminal docket in this district, the Court finds that five Act violations do not constitute a pattern by the Government of filing untimely indictments warranting a dismissal with prejudice

---

[1] The cases Baugh cites were illegal reentry cases and Baugh does not argue that these cases involved charges similar in severity of punishment to those brought against Baugh or that the cases involved defendants with criminal histories like his.

as a deterrent against future similar conduct. S*ee, Mancia-Perez*, 331 F.3d at 470. Finally, the Government has not failed to meet its deadlines more than once with respect to Baugh's prosecution. *Id.* Accordingly, the Court finds that this factor also weighs in favor of dismissing the case without prejudice.

### C.  Impact of Reprosecution/Administration of Justice

The third "factor encompasses three concerns: The defendant's right to a speedy trial; the deterrent effect of a prejudicial dismissal on the Government's repeated violations of the speedy trial requirements; and the public's interest in bringing the accused to trial." *Blevins*, 142 F.3d at 226. Courts also consider the presence or absence of prejudice to the defendant. *United States v. Taylor*, 487 U.S. 326, 334 (1988).

Baugh argues that the administration of justice will not be impaired by dismissal of the federal charges with prejudice because Baugh will not simply be released without punishment—Baugh will likely be tried in Galveston County for criminal charges stemming from the same conduct. (Dkt. 19 at p. 5; Dkt. 25 at pp. 2–3) Baugh also argues that dismissal with prejudice is a necessary sanction to ensure that the Government is deterred from similar conduct in the future. Baugh argues that that "[a] dismissal without prejudice would not be a sanction at all." (Dkt. 19 at p. 4) The Court disagrees.

Here although Baugh was arrested on state charges there is no guarantee that he will be prosecuted on those charges. During the hearing on the motion, the Government stated that it had not discussed Baugh's charges with the state prosecutors and that it was mere speculation as to what action Galveston County would ultimately take against Baugh once the pending federal action is dismissed . Furthermore, as noted above since

there is no pattern of the Government untimely filing similar indictments or failing to meet any deadlines more than once with respect to Baugh, dismissal with prejudice is not warranted as sanctions or a deterrent for future violations.

The Court finds that the administration of justice weighs heavily in allowing the reprosecution of this case. The public has an important interest in bringing defendants to trial who have been accused of repeated serious crimes and have criminal histories like Baugh. In addition to a prior state conviction for Organized Criminal Activity, it is alleged that Baugh was arrested twice within less than two weeks in possession of three firearms, including an assault weapon. It is also alleged that during his second traffic stop, while out on bond for the first alleged weapons violation, Baugh had a firearm physically on his person, attempted to evade detection by concealing his license plate number and attempted to flee when he was stopped by police. Again, while the Court does not condone violations of the Act, there is no evidence in the record establishing that the Government's delay in violation of the Act has prejudiced Baugh's defense against another indictment on similar charges. Accordingly, the Court finds that this factor also weighs in favor of dismissing the federal charges against Baugh without prejudice and the Court will do so.

## IV. CONCLUSION

For the reasons stated above, Baugh's Motion to Dismiss for Speedy Trial Violation (Dkt. 19) is **GRANTED in part and DENIED in part.** It is ordered that this action is DISMISSED WITHOUT prejudice.

SIGNED at Houston, Texas, this 25th day of November, 2020.

GEORGE C. HANKS, JR.
UNITED STATES DISTRICT JUDGE